# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                    )
        Plaintiff                              )

        Vs.                                    ) Hon. Robert  J.  Jonker
                                               ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL
        Defendants                             ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

**EXPEDITED CONSIDERATION REQUESTED**

**FOR NOTICE OF,**

**<u>PETITION FOR PERMISSION TO  APPEAL</u>**

Notice is hereby given that , I (Owen W. Barnaby, In Pro Se), Plaintiff,  hereby files and Emergency Petition for Permission to Appeal to The Sixth Circuit Appellate Court, from the United States District Court Judge, the Hon. Robert  J.  Jonker, Order (ECF No. 127), affirming the Magistrate Judge's (ECF Nos. 91, 96), in violations of the Federal Sixth Circuit Appellate Court's Order and Judgment (ECF Nos.72, 73), that are binding on the District Court, entered in this action on the <u>February 1, 2024.</u>  As the Order (ECF No. 127) is erroneous and contrary to law and  a volition of the Federal Sixth Circuit Appellate Court's Order and Judgment (ECF Nos.72, 73), judicial bias, and abuse of discretion.

Respectfully Submitted,

Owen W. Barnaby, In Pro Se

Dated February 16, 2024

**RECEIVED**
02/21/2024
KELLY L. STEPHENS, Clerk

## <u>APPELLANT'S BRIEF IN SUPPORT OF,</u>

## EXPEDITED CONSIDERATION REQUESTED

### FOR NOTICE OF,

## PETITION FOR PERMISSION TO  APPEAL

---

**First,** on November 17,2023, this Sixth Circuit Appellate Court entered

Order and Judgment (ECF Nos. 72, 73), that is binding on the District Court,

which were violated by District Court's Orders-(ECF Nos. 91, 96, 127 and 131),

now on appeal.  The Sixth Circuit Court's Order which the District Court violated,

states.

> "We review default-judgment decisions for an abuse of discretion.
> Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir.
> 2019). The district court found that its dismissal of the second amended
> complaint mooted Barnaby's motions for default judgment. Because the
> district court erred in dismissing the second amended complaint, however, it
> also erred in finding that the motions for default judgment were moot."
> **"…VACATE** the judgment in part, and **REMAND** for further proceedings
> consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1
> Filed: 11/17/2023,  Page: 6).

**Second,** on December 27, 2023, the Magistrate Judge's Order-(ECF No. 91),

following remand, placed its prior Orders-(ECF No. 25, 27, 35, 56, 62, 67, 68), as

controlling over the Sixth Circuit Court's Order and Final Judgment(ECF Nos. 72,

73), that was affirmed by the District Court, Order-(ECF No. 127). Below states:

> "**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to
> File a Third Amended Complaint (ECF No. 37) is GRANTED. The Clerk

shall docket Plaintiff's proposed Third Amended Complaint (ECF No. 36). Defendants who have appeared in this action shall have **28** days from the date of this Order to respond to the Third Amended Complaint."

"**IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Default Judgment (ECF Nos. 28, 31, 75, 77, and 81) are DENIED. Plaintiff shall have **45** days from the date of this Order to effect proper service on the unserved Defendants. Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice."

"IT IS FURTHER ORDERED that Defendant City of Benton Harbor's Motion to Extend Time (ECF No. 85), seeking 28 days to respond to the Third Amended Complaint, is **GRANTED."**

**Third,** Plaintiff appealed the Magistrate Judge's Orders (ECF Nos. 91, 96), to the District Court, on docket numbers (ECF Nos. 94, 100, 109, 110),  and it affirmed Magistrate Judge's Orders (ECF Nos. 127), as follows:

"The Magistrate Judge was absolutely correct on this as a matter of fact and law, and the Court adopts her reasoning as its own.  For the same reason, the Court now rejects Barnaby's two new applications for entry of default, (ECF Nos. 95, 124), because he has once again failed to show that any Defendant is in default."
  "The Magistrate Judge's Orders, (ECF Nos. 91, 96), are **AFFIRMED.**"; "Plaintiff's appeals, (ECF Nos. 94, 97, 100, 109, 110–12), are **OVERRULED**."; "Plaintiff's two new applications for entry of default, (ECF Nos. 95, 124), are **DENIED."**

**Fourth,** Both the State of Michigan Defendants and the City of Benton Harbor Defendant filed Dismissal Motions (ECF Nos. 116, 121) and the Niles Township Defendants filed answer  (ECF No. 120).

**Fifth**, one of the three cruxes of Plaintiff's Appeal is, Plaintiff has Properly served, Service of Process of Summonses and with Copies of Compliant-(ECF

Nos.10, 36) and with all Documents filed in both the District Court and this Sixth

Circuit Court's proceedings and he warrants Default and Default Judgment against

Defendants, below **1)., 2)., 3)., 4)**.  See, (ECF Nos 28, 32 and 75, 77, 81, 95, 124).

Plaintiff properly served all Defendants under State Rules MCR 2.105: (A)(1)(2);

(G)(1); (I)(1); (K)(3) and Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B);

(e)(1)(2)(B)(C); (j)(2)(A)(B) and pursuant to "District Court's Local Rules Service

Handbook", ECF No. 49, PageID.311); (ECF No. 49-1, PageID.320): "2. By Mail

The summons and complaint can be served by sending them by certified mail with

restricted delivery and return receipt. A "green card" (PS Form 3811).  The Order,

(ECF Nos. 91, 127) must be reversed in part, as District Court must be "consistent"

with Sixth Circuit's Order, by Ordering the Clerk to enter Default and enter

Default Judgment per Rule 55:(a),(b)(1)or (2), in his affidavit, Twenty Two

Million, Five Hundred Twenty Nine Thousand, Three Hundred and Twenty Nine

Dollars and Sixty Cents, $22, 529,329.60, according to his Amended Affidavit.

Punitive damages to become four-times the compensatory damages. Given,

Defendants disregard for Plaintiff's and his family's pain and sufferings for the last

14 years without remorse. (ECF No. 126,  PageID.1651).

    **1).** The Holmstrom Defendants and the Berrien County Defendants were all

Properly served with, Service of Process of Summonses and with Copies of

Compliant-(ECF Nos.10, 36) and with Documents filed in both the District Court

and this Sixth Circuit Court's Appellate proceedings, but neither, the Holmstrom Defendants nor the Berrien County Defendants File Answers to Plaintiff's 'Second and Third Amended Complaint (ECF Nos,10, 36) or a Rule 12 Motion, that triggered Plaintiff's Default and Default Judgment request against them. See, (ECF Nos 28, 32 and 75, 77, 81, 95, 124).

    **2).** The Magistrate Judge's Order affirmed by the District Court (ECF Nos, 91, 127) factual and legal findings below in respect to the City of Benton Harbor Defendant who did not file Answers to Plaintiff's 'Second Amended Complaint (ECF No,10) or a Rule 12 Motion, violated this Sixth Circuit's Order (ECF No,72).

    "The Court granted the requested extension on January 4, 2023. (ECF No. 35.) Because the Court ultimately overruled Plaintiff's objections, adopted the December 14, 2022, Report and Recommendation, and entered judgment for Defendants, the City was never required to answer Plaintiff's second amended complaint. Thus, at least at this juncture, there is no basis for entry of default." (ECF No. 91, PageID.1120).

    Plaintiff contends, because the District Court's Order and Final Judgment(ECF Nos,67, 68) were reversed by the Sixth Circuit Order and Judgment(ECF Nos,72, 73), it is the Sixth Circuit Order and Judgment that is controlling, and triggered Default and Default Judgment against City of Benton Harbor Defendant. Please see, (ECF Nos 28, 32 and 75, 77, 81, 88, 95, 124).

    **3).** While the Niles Township Defendants filed answer to Plaintiff's Second and Third, Amended Complaint (ECF Nos.10, 36). The Magistrate Judge violated Plaintiff's due process rights, and violated her own Order, Granting Plaintiff

fourteen days, after Defendants cured their Motion defect for extended time to respond to Plaintiff's Second Amended Complaint (ECF No.10). As soon as the Niles Township Defendants cured their Motion defect on January 03, 2023, the Magistrate Judge Granted it in violation of Plaintiff's due process rights and violated her own Order giving Plaintiff Fourteen days to file his objection(ECF Nos.23, 25, 26, 27, 30). Moreover, Plaintiff's timely objection (ECF No. 30), was filed after the Magistrate Judge Orders(ECF Nos. 25, 27), granted Defendants' Motion(ECF No 23) and was before Sixth Circuit Appellate Court unopposed. As such, Plaintiff contends, that triggered Default and Default Judgment against them and warrants Default and Default Judgment (ECF Nos 28, 32 and 75, 77, 81, 95, 124) against the Niles Township Defendants.

   **4).** The State of Michigan, Defendants abandoned or forfeited Appealing the District Court's Final Judgment (ECF Nos. 56, 62, 67, 68), Ordering that their Rule 12 Motion is moot.  Plaintiff contends,  State of Michigan Defendants' Rule 12 Motion(ECF No.18), that the District Court Order is Moot with Final Judgment (ECF Nos.67, 68), which they did not appeal, must be consider as if they had never filed the Rule 12 Motion in this proceeding. Because Defendants' MOOT Rule 12 Motion (ECF No.18), cannot stop the entrance of his Default and Default Judgment against them. Furthermore, they argued in Appellate Court, that, "An appellant abandons all issues not raised and argued in its initial brief on appeal."

Moreover, it is their failing to appeal re their Moot Rule 12 Motion. See more in the record, it is a part of their full Appellate arguments they used against Plaintiff in the Sixth Circuit Court, Plaintiff contends it must be applied to them now, that they have abandoned, waived forfeit all rights. Plaintiff contends that triggered Default and Default Judgment against them. As such, the District Court must be "consistent" with Sixth Circuit's Order (ECF No. 72), by permitting Clerk to enter Default(ECF Nos 32, 75, 95, 124) and Clerk or Court Default Judgment (ECF Nos 28, 77, 81) per Fed. R. Civ. P. 55 (a), (b)(1) (2) against them. And, other controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case); (The law of the case doctrine); Res Judicata; Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

**Sixth,** "Master minds, Defendants Berrien County and Holmstrom then, knowingly, and willfully filed the false affidavit, repeated false statements in Deposition, and Forgery Documents in the Courts' proceedings to cause Plaintiff's injuries. Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. Because Plaintiff's properties were his employment that, Defendants stole by forgery and fraud. Plaintiff came up with the most economical and expedient course to serve the Defendants with the Summonses and copies of the Second Amended Complaint (ECF No.10). Exhibit W-8."

"As such, Plaintiff employed one same strategy on the same day with the same Post Office. First, Plaintiff called the Defendants to inform them of the pending litigation and to ascertain concurrence on whom to send Summonses and copies of Second Amended Complaint (ECF No.10) for proper service.  Then, Plaintiff mailed by US Postal certified mail, with restricted Delivery and with return receipt with original Summonses and copies of Second Amended Complaint (ECF No.10).  see Exhibit W-8.

**1).** Plaintiff called,  the Niles Charter Township Defendants, and spoke with Ms. Marge Duram-Hiatt Defendants' and Ms. Marge Duram-Hiatt  instructed Plaintiff to serve Summonses and copies Complaint to her on behalf of  the Niles Charter Township Defendants.    **2).** Plaintiff called the Berrien County Defendants on or about November 22, 2022,  and spoke with Attorney, Thaddeus Hackworth, and he instructed Plaintiff to serve Summonses and copies Complaint to him on behalf of the Berrien County Defendants.    **3).** Plaintiff called the City of Benton Harbor Defendants, and they instructed Plaintiff to serve Summons and copy Complaint to their City Manager, Mr. Ellis Mitchell on behalf of the Defendants. **4).** Plaintiff called the State of Michigan Governor's Office, and they instructed Plaintiff to serve Summonses and copies Complaint to Attorney Nicholas Bagley on behalf of Defendant – Hon. Rick Snyder Governor;  Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant –

Michigan State Government.  Moreover, Plaintiff called Attorney Nicholas
Bagley's office after he had served original Summonses and copies of Second
Amended Complaint (ECF No.10). And Attorney Nicholas Bagley's Office
confirmed that, they were properly served, but that the Michigan State Attorney
General's Office going forward will be representing Hon. Rick Snyder Governor;
Hon. Jennifer Granholm, Governor;  Hon. Gretchen Whitmer Governor and
Michigan State Government."

    " **5).** Plaintiff called the Michigan State Attorney General's Office, about
Defendant – Kendell S. Asbenson assistant Attorney General  and Defendant –
Dana Nessel  Attorney General and they instructed Plaintiff to serve Summonses
and copies Complaint upon Defendant – Dana Nessel  the Attorney General on
behalf of both Kendell S. Asbenson assistant Attorney General  and Defendant –
Dana Nessel  Attorney General."

    "**L**astly, **6).**  Plaintiff called Attorney Holmstrom, given their long history as
Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC in the cases,
Barnaby v. Witkowski, 1:14-cv-1279 and Barnaby Vs Mayfield, No. 20-1564 (6th
Cir. May. 5, 2020)  and informed them of this pending litigation. Then, Plaintiff
mailed US Postal certified mail, with restricted Delivery and with return receipt
with two original Summonses and two copies of the Complaint to the Attorney
Jeffery R. Holmstrom and Holmstrom Law Office PLC Defendants, and they were

delivered at Holmstrom Law Office PLC Professional Practice office on December

09, 2022. **Please see, (ECF Nos. 22, 29, 49)  and  Exhibit W-8.**"

    **Seventh**, Appellant's undisputed fact in the District Court, ECF No. 109,

Pages ID.1360).  "Plaintiff properly served Defendants under State and Federal

Rules and District Court's Local Rules, Service Handbook[1], that states as follows:

"**2.** By Mail The summons and complaint can be served by sending them by

certified mail with restricted delivery and return receipt. A "green card" (PS Form

3811) will be mailed to the plaintiff, to show proof of service. The "green card" or

a copy, must be filed with the Court."  (ECF No. 29, PagesID.104-112). <u>And, none</u>

<u>of the Defendants</u> **had directly opposed or objected to** <u>Plaintiff's filed, PROOF</u>

<u>OF SERVICE OF SUMMONS AND COMPLAINT, on January 03, 2023. See,</u>

<u>(ECF No. 29, PagesID.104-112).</u>

    **1).**  The Postal Service delivered the Certified mail, Niles Township and

State of Michigan Defendants were not present.  **2).** The Postal Service left notice

of the "…certified mail with restricted delivery…", for the Niles Township and the

State of Michigan Governors Defendants.  **3).** The Holmstrom Defendants were

present, but willfully rejected Certified mail.  "Moreover, while both the Niles

Charter Township Defendants (ECF No. 29-1, PageID.115) and  the State of

---

[1] file:///C:/Users/Admin/Desktop/Circuit-
Brief%20of%202022/2022%20Eastern%20Distict%20Court/Service_Handbook.pdf

Michigan and Governors Defendants; went to the Postal Facilities and Pickup their summonses and copies of Second Amended Complaint and acknowledged such mailing with a signed and electric return receipts. **Exhibit W-12.** The Holmstrom Defendants abandoned mail, by willfully failing to go to the Postal Facility to Pick up their summonses, and copies of Second Amended Complaint. ECF No. 29, PagesID.111-2). **(Exhibits W-13, 14).**"

**Eight,** Plaintiff filed [unopposed] Motion-(ECF No. 110, PageID.1390 ), on the new discovery, that, on December 21, 2021, Defendants Berrien County Board of Commissioners have Authorized by Appointment or by Law, Attorney Hackworth to receive service of process on behalf of the Berrien County Defendants. see, (Exhibit-W15). Both, the new discoveries, and the settled fact in the record further proves that Plaintiff warrants, Defaults-(ECF Nos, 32, 75, 95,124) per Rule 55:(a), and Default Judgment-(ECF Nos, 28, 31, 77, 81,88) per Rule 55: (b)(1)(2) against Defendants[2]."

---

[2] It is a matter of undeniable facts, all Defendants abandoned, and or forfeited filing answers or valid Rule 12 motion, or Rule 12 motions, to Plaintiff's, Second and Third Amended Complaint(ECF Nos.10,36) within the 21 or 28 days' required time span; both the ones who accepted and the ones who willfully rejected Plaintiff's properly served Summonses and copies of Complaint(ECF Nos.10,36), because they relied on the District Court to defend them; **but, Plaintiff contends, thanks be to GOD!, for appellate review,** and that, now that their plan failed, his default and default judgment must be entered against all same Defendants as a matter of law, as the role of Courts is to be neutral, not to be Defendants' legal representatives.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

FRAP 5 (a) (1) (2). Appeal by Permission.

    (a)    Petition for Permission to Appeal.

    (1).   To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition with the circuit clerk and serve it on all other parties to the district-court action.

    (2).   The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.

28 U.S. Code § 1292 (e). The Supreme Court may prescribe rules, in accordance with section 2072 of this title, to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for under subsection (a), (b), (c), or (d).

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949).

Please see, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

# ARGUMENTS

**Are the Orders following remand (ECF Nos. 91, 96, 127and 131), an abuse of Discretion, bias against Plaintiff and violated the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's "Further proceedings consistent with this Order"? ………….. Plaintiff Answers  Yes!**

Appellant contends that, at crux of his, 'Petition for Permission to Appeal', the District Court's Orders-(ECF Nos. 91, 96, 127 and 131) are his two Complaints, entitled, Second Amended Complaint-(ECF No.,10) and Third Amended Complaint-(ECF No., 36). On February 13, 2023, the District Court ultimately dismissed both Second Amended Complaint-(ECF No.,10) and Third Amended Complaint-(ECF No., 36).  Appellant then appealed to this Your Honorable Sixth Circuit Court on Case: No. 23-1134.  On November 17,2023, this Sixth Circuit Appellate Court entered Order and Judgment (ECF Nos. 72, 73), that is binding on the District Court, Appellant contends  the District Court's Orders-(ECF Nos. 91, 96, 127 and 131), he is now seeking 'Petition for Permission to Appeal' has violated,  This Sixth Circuit Court's Order the District Court found.

> "We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot."
> **"…VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023,  Page: 6).

Appellant avers that, the District Court's Orders(ECF Nos. 91, 96, 127and 131), following remand, has repeated its bias act again which is an abuse its discretion, not only is it a bias against Plaintiff it is also a violation of this Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's "….further proceedings consistent with this Order." Please see, sections (a), (b), (c), (d), below:

## A. **Jurisdiction Pursuant to  28 U.S.C. § 1291**

Plaintiff contends that he appealed the Magistrate Judge's Orders (ECF Nos. 91, 96), to the District Court, on docket numbers (ECF Nos. 94, 100, 109, 110), because they disposed on his, 'Second Amended Complaint-(ECF No.,10). Moreover, that the District Court's  affirmation of the Magistrate Judge's Orders (ECF Nos. 91, 96, 127), disposing of his, 'Second Amended Complaint-(ECF No.,10), as follows:

> "The Magistrate Judge was absolutely correct on this as a matter of fact and law, and the Court adopts her reasoning as its own.  For the same reason, the Court now rejects Barnaby's two new applications for entry of default, (ECF Nos. 95, 124), because he has once again failed to show that any Defendant is in default."
>  "The Magistrate Judge's Orders, (ECF Nos. 91, 96), are **AFFIRMED.**";
> "Plaintiff's appeals, (ECF Nos. 94, 97, 100, 109, 110–12), are **OVERRULED**."; "Plaintiff's two new applications for entry of default, (ECF Nos. 95, 124), are **DENIED."**

Give, this Your Honorable Appellate Sixth Circuit United States Court of Appeals jurisdiction pursuant to 28 U.S.C. § 1291, to hear Appellant's pending Appeal. Appealing the disposition of his, 'Second Amended Complaint-(ECF No.,10). The District Court's on February 1, 2024, Order-(ECF No.,127), did disposed of Plaintiff's 'Second Amended Complaint-(ECF No.,10) and ultimately both the Berrien County Defendants and the Holmstrom Defendants. While the District Court's Order-(ECF No.,127) did not use the phase, direct entry of a final, appealable judgment under Fed. R. Civ. P. 54(b). Its impact on Plaintiff's 'Second Amended Complaint-(ECF No.,10) is final and dispositive, in violation of Plaintiff's rights, and this Sixth Circuit Court's Order and Judgment-(ECF Nos.,72, 73). As such, this Sixth Circuit Court has the jurisdiction under 28 U.S.C. § 1291 to hear Plaintiff's pending appeal, Case: No. 24-1086.

### B. **Final disposition of Issue**

Given that the District Court's Order-(ECF No.,127) impact on Plaintiff's 'Second Amended Complaint-(ECF No.,10) is final and dispositive, and a violation of Plaintiff's rights, and this Sixth Circuit Court's Order and Judgment-(ECF Nos.,72, 73). The Order is a "collateral" Order that is immediately appealable under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949). As it is final and disposition of Plaintiff's 'Second Amended Complaint-(ECF No.,10) and

ultimately both the Berrien County Defendants and the Holmstrom Defendants, who are properly defaulted for willful forfeiting to file answers or rule 12 motions to Plaintiff's 'Second Amended Complaint-(ECF No.,10), that the Orders disposed.

## C.     Interlocutory Appeal Under 28 U.S.C. § 1292

As a matter of fact, and law, the District Judge does not have any interest in authorizing an immediate appeal under 1292(b), because the issue on appeal demonstrates, once more the Court's abuse of Discretion, bias against Plaintiff and violation of this Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's "…further proceedings consistent with this Order."

Appellant argued in the District Court, (ECF No. 100,  PageID.1231-1234) and further contends, that, five of the many ways the District Court's, Orders (ECF Nos. 91, 96, 127and 131) on appeal, following remand, is once more an abuse of its discretion, bias against Plaintiff and a violation of the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), ordering, its, "…Further proceedings consistent with the Order", are: **One).** The District Court ultimately, Re-Ordered Plaintiff's <u>Default and Defaults Judgment against Defendants moot.</u> (ECF Nos. 28, 31, 32, 75, 77, 81, 88, 95, and 124).

> "We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it

also erred in finding that the motions for default judgment were moot." "23-1134 Document: 29-1"

Plaintiff properly served all same Defendants, Service of Process with Summonses and Copies of Complaint- (ECF Nos. 10, 36) and with Documents filed with the Clerks of both District Court and this Sixth Circuit Appellate Court, proceedings. But the Defendants failed or forfeited filing answers or answer in violation of Plaintiff's due process rights or a valid Rule 12 Motion, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i); that. warrants Appellant's same Default and Default Judgment against them, pursuant to Rule 55: (A), (B) (1) or (2).

**Two).** The District Court, ultimately, placed Its Orders and Judgment-(ECF Nos. 25, 27, 35, 56, 62, 67, 68, 91, 96, 127and 131), as controlling over this Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73). As such, violated the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that, ordered, its, "…Further proceedings consistent with the Order".

**Three).** The District Court, ultimately Re-Ordered Plaintiff's, 'Second Amended Complaint (ECF No. 10)', as Moot and placed Its Orders and Judgment-(ECF Nos. 25, 27, 35, 56, 62, 67, 68, 91, 96, 127and 131), as controlling over this Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73).

"…And in his second amended complaint, Barnaby alleged that Witkowski and Berrien County committed forgeries and other unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and emailed forged  documents in October 2017

18

and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition."

First, the Magistrate Judge's (ECF No. 91) omitted that one of the reasons the Sixth Circuit Court reversed the District Court's Judgment (ECF No. 68), is because of Defendants Forgeries.

Moreover, these forgeries are not just limited to the Defendants, in Plaintiff's Second Amended Complaint (ECF No. 10), but the New Defendants, in the Third Amended Complaint (ECF No. 36). Namely, Defendant Judge Butzbaugh, on July 12, 2012, falsified the Berrien Court record by forgery; stating that, he entered an Order on March 01, 2010, he did this to cover up, hide the fact that, his judgment was entered on August 18, 2010, and it was NOT entered on March 01, 2010. And then in 2020 Judge Butzbaugh hired Defendant Attorney Holstrom to continue the forgeries. Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020). Yet, the Magistrate Judge's Order (ECF No. 91) suppressed these indisputable facts and invites these same Defendants to, "….the Court concludes that the most economical and expedient course at this juncture is to allow the proposed amendment and permit Defendants to contest its legal sufficiency through motions to dismiss/for judgment on the pleadings under the Rule 12(b)(standard).

"Plaintiff contends that, with all due respect to the District Court's Orders (ECF Nos. 91, 96, 127 and 131), must be reversed for their bias against Plaintiff

inaccuracy and abuse of discretion. It has now in fourteenth years of Defendants

continuous forgery, fraud, and theft in the Courts' record to procure Judgments.

Defendants' willful wanton misconducts have caused Plaintiff to lose all his same

real properties, his employment, his livelihood, suffered homelessness, the death of

our son; hardship of great pain and suffering; and emotional distress.  The Orders

(ECF Nos. 91, 96, 127 and 131), must be reversed to stop the Plaintiff's and his

family's sufferings.

**Four).** The District Court, <u>ultimately, Re-applied  Res-judicata</u>

[inconsistently] with this Sixth Circuit Court's Order and Judgment-(ECF Nos.72,

73) and (The doctrine of the law of the case) or (The law of the case doctrine), that,

> "Res judicata bars not only claims that were litigated in a prior action, but
> also claims that "should have been litigated in the prior action." Bragg, 570
> F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."

**Five).** The District Court ultimately is **[inconsistent]** with this Sixth Circuit

Court's Order and Judgment-(ECF Nos.72, 73), that both Appellant and Appellees

**forfeited** issues not raised. Example, the  State of Michigan Defendants' raised

issues in, Sixth Circuit Appellate Court, is now binding on this District Court,

<u>"Barnaby's appeal does not challenge the District Court's conclusion that the State</u>

<u>Defendants are entitled to immunity and, as a result, that issue is waived and is</u>

<u>dispositive."</u>  Further, the State of Michigan Defendants went on to argued, that:

"As to the State Defendants, the District Court dismissed this matter as devoid of merit based upon their Eleventh Amendment immunity. (Order Approving and Adopting Report and Recommendation, R. 67, Page ID # 942.) **Barnaby's appeal does not challenge this finding. "An appellant abandons all issues not raised and argued in its initial brief on appeal."** United States v. Johnson, 440 F.3d 832, 845–46 (6th Cir. 2006) (citing United States v. Still, 102 F.3d 118, 122 n.7 (5th Cir. 1996).) "[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Id. (citing United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996).) "It is not sufficient for a party to mention a possible argument in the most skeletal way, **leaving the court to put flesh on its bones."** Meridia Prod Liability Litigation v. Abbott Laboratories, 447 F.3d 861, 868 (6th Cir. 2006) (citing McPherson v. Kelsey, 125 F.3d 989, 995–96 (6th Cir. 1997)"  (Case: 23-1134 Document: 23 Filed: 05/30/2023 Page: 21)"

The Sixth Circuit Appellate Court agreed with State of Michigan

Defendants', argument, and concluded, that,

"Barnaby does not challenge the district court's holding that several defendants the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel are immune from suit… **Barnaby therefore has forfeited appellate review of those rulings**. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)."

Plaintiff contends, the same legal analysis should have been applied in the

District Court that, all Defendants that failed to file answer or a valid Motion or

acts on the Granted Motion, to Plaintiff's Second and Third Amended Complaint-

(ECF Nos. 10, 36), within the time span, or failed to appeal Orders, Final Judgment

(ECF Nos. 35, 56, 62, 67, 68). It this Sixth Circuit's Order(ECF No. 72), that is

binding on the District Court, states:  "….REMAND for further proceedings

consistent with this Order."   Please see, (ECF No. 109,  PageID.1363).

21

D. **Petition for Permission to Appeal these District Court's Order-(ECF Nos. 91, 127, 131), Pursuant to FRAP 5 (a) (1) (2).**

Plaintiff, In Pro Se Barnaby, request that his 'Emergency Motion Pursuant to FRAP 5 (a) (1) (2), 'Petition for Permission to Appeal', the District Court's Order-(ECF Nos. 91, 127, 131), be Granted. Appellant contends that, because they are an abuse of the Court's discretion, bias against Plaintiff and a violation of this Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73).

Appellant argued in the District Court, (ECF No. 100, PageID.1234-1255); (ECF No. 109, PageID.1363- 1378) and further contends that, Defendants were served on January 06, 2023, with Plaintiff's, 'Third Amended Complaint (ECF Nos. 36, 37)'. The Granted Motion contains therein, preservation of Plaintiff's, Default, and Default Judgment (ECF Nos. 28, 31, 32, 124), inclusive of the State of Michigan Defendants, (ECF Nos. 75, 77, 81, 88, 95), entitled below. As the 'Third Amended Complaint (ECF Nos. 36, 37)', was Granted, likewise the Preservations of the Defaults, and the Default Judgments, should have been granted.

EXPEDITED CONSIDERATION REQUESTED

PLAINTIFF'S EMERGENCY MOTION TO, 'AMEND OR LEAVE TO AMEND, SECOND AMENDED COMPLAINT', AND 'CLARIFICATIONS, ON REPORT AND RECOMMENDATION AND ON MOTION TO DISMISS, SECOND AMENDED COMPLAINT', AND <u>'PRESERVATION OF PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANTS AND APPLICATION FOR DEFAULT JUDGMENT'</u>

Finally, to the extent that, sections (A), (B), and (C); 28 U.S.C. § 1291;  28 U.S. § 1292:(a), (c), (d), (e) and 28 U.S. § 2072: (a), (b), (c) above or any other applicable laws failed to give this Court jurisdiction to hear this appeal, to grant 'Petition  for Permission to Appeal, pursuant to FRAP 5 (a) (1) (2). The law is clear, "FRAP 5 (a) (1), to request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition with the circuit clerk and serve it on all other parties to the district-court action." One of the core issues at hand of this Petition  for Permission to Appeal is that these District Court's Order-(ECF Nos. 91, 127, 131), violated this this Sixth Circuit's Order and Judgment-(ECF Nos. 72, 73), that is  binding on the District Court, states: "….REMAND for further proceedings consistent with this Order."

Please see,  Erickson v. Pardus, 551 U.S. 89, 94 (2007).


## Conclusion and Request

For the reasons articulated therein, Plaintiff, In Pro Barnaby, request for his, 'Petition Pursuant to FRAP 5 (a) (1) (2),  that his Petition  for Permission to Appeal the District Court's Order-(ECF Nos. 91, 127, 131), be  Granted.


Respectfully Submitted,

Owen W. Barnaby, In Pro Se

Dated February 16, 2024

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

I hereby certify that, the foregoing Petition Brief of Appellant, Owen W. Barnaby, complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) 32 because this brief contains under 5,200 words, excluding the parts of the brief exempt by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rules of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally space typeface using Microsoft Word processing software in 14 point Times New Roman.

Respectfully Submitted,

Owen W. Barnaby, In Pro Se

Dated February 16, 2024

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                         )

      Plaintiff- Appellant                              )


          Vs.                                      ) Hon. Robert  J.  Jonker

                                    ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

      Defendants- Appellees                              ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 |  thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582    |    EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

## **CERTIFICATE OF SERVICE**

The undersigned states that on the 16th day of February 2024, a duplicate original of Plaintiff's, ''Petition with his Supporting Brief '', was filed with the Clerk of the Court, using, In Pro Se email/ ECF System, which will provide electric notice to the parties of record, and I have email and or mailed by U.S. Postal Service the same to non-ECP participants Defendants, listed above.

Respectfully Submitted,

Owen W. Barnaby, In Pro Se

Dated February 16, 2024