# EXHIBIT A-1

## Sixth's November 17,  2023 Order

**RECEIVED**
02/21/2024
KELLY L. STEPHENS, Clerk

**NOT RECOMMENDED FOR PUBLICATION**

No. 23-1134

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Nov 17, 2023

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| OWEN W. BARNABY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| STATE OF MICHIGAN, et al., | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before:  MOORE, STRANCH, and BUSH, Circuit Judges.

Owen W. Barnaby, proceeding pro se, appeals the district court's judgment dismissing his second amended complaint and denying his motion for leave to file a third amended complaint in this proceeding challenging foreclosures on Barnaby's properties.  We deny Barnaby's motion to assign his case to a panel of three specific judges.  This case has been referred to a panel that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).  Because Barnaby forfeited appellate review of some of the district court's dispositive findings, we affirm the district court's judgment in part.  However, the district court erred in finding that many of Barnaby's claims are barred by res judicata, so we also vacate the district court's judgment in part and remand for further proceedings.

Barnaby filed a second amended complaint against Berrien County, Michigan, Berrien County Treasurer Bret Witkowski, and over 20 other defendants, alleging that they conspired to steal and defraud him of property that he owned in Berrien County.  He alleged that the defendants accomplished this by forging documents and pursuing wrongful foreclosures.  Barnaby also alleged that other defendants should have allowed him to pay delinquent taxes that he owed on

several properties before foreclosing on them.  He contended that Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed.  And Barnaby alleged that the State Bar of Michigan overlooked evidence and refused to act on his formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the Michigan Supreme Court relied on forged documents to uphold a foreclosure.  Barnaby set forth numerous legal claims based on these allegations, contending that the defendants forged documents, did not follow proper foreclosure procedures, committed larceny, and engaged in the unauthorized practice of law, in violation of Michigan law; seized property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a).

A magistrate judge recommended dismissing the second amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, concluding that Barnaby's claims were barred by the doctrine of res judicata because Barnaby had previously challenged the 2010 foreclosure of one of his properties in a federal lawsuit.  The magistrate judge also found that Barnaby cited several statutes that either "have no application to his claims and/or do not provide a private right of action" and therefore did not support "viable legal claims."  Finally, the magistrate judge concluded that the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Michigan Governor Gretchen Whitmer, and Nessel were immune from suit.

Barnaby filed a response to the magistrate judge's report and recommendation, which the district court construed as timely objections.  He also filed a third amended complaint.  The magistrate judge denied leave to file the third amended complaint, finding that amendment would be futile because it would "not cure the issues" that her prior report and recommendation had pointed out.  Barnaby appealed the magistrate judge's order denying leave to file a third amended complaint to the district court.  The district court adopted the magistrate judge's recommendation to dismiss the second amended complaint for lack of subject-matter jurisdiction, finding that the magistrate judge's reasoning was "factually sound and legally correct."  It also affirmed the

magistrate judge's order denying leave to file a third amended complaint, agreeing that the amendment would be futile.  Based on these rulings, the district court dismissed the case.

On appeal, Barnaby argues that (1) he should have been granted leave to file a third amended complaint, (2) the district court should not have raised the affirmative defense of res judicata sua sponte, (3) the claims raised in his complaint are not barred by res judicata, and (4) the district court erred in denying his motions for default judgment against several defendants. Barnaby does not challenge the district court's holding that several defendants—the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel—are immune from suit.  He also does not challenge the district court's finding that several of the state and federal criminal statutes that he cited do not create a private right of action.  Barnaby therefore has forfeited appellate review of those rulings.  *See Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016); *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007).  Because those rulings are dispositive of (1) Barnaby's claims against the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel and (2) Barnaby's claims under 18 U.S.C. §§ 471 and 1341 and Michigan Compiled Laws §§ 600.916(1) and 750.248, we affirm the district court's judgment to the extent that it dismissed those claims.

### I.     Res Judicata (Appellate Arguments (2) and (3))

We review de novo a district court's Rule 12(b)(1) dismissal of a complaint for lack of subject-matter jurisdiction.  *Lindke v. Tomlinson*, 31 F.4th 487, 490 (6th Cir. 2022) (quoting *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014)).  "To the extent that the district court made factual findings in making its determinations, we review those findings for clear error while reviewing the application of the law to those facts *de novo*."  *Id.*  As noted, Barnaby raises two challenges to the district court's res judicata ruling: first, he challenges the sua sponte invocation of an affirmative defense, and second, he argues that the district court's res judicata analysis is erroneous.  Because we find merit in Barnaby's second argument, we need not address his first.

Barnaby contends that res judicata does not bar his claims because he is now suing different defendants than he sued previously.  Res judicata bars only "a subsequent action between the same

parties or their 'privies.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). The district court found that a 2014 federal lawsuit barred Barnaby's claims because it named Witkowski and Berrien County as defendants and the other individuals and entities that Barnaby now sues "are either in privity with Witkowski and Berrien County or have no factual connection to the 2010 foreclosure" that the 2014 lawsuit challenged.

The district court correctly stated that the 2014 lawsuit named Witkowski and Berrien County as defendants. *Barnaby v. Witkowski*, No. 1:14-cv-1279, R. 1, PageID 1−2 (W.D. Mich.). But it cited no facts to support its conclusion that the other defendants named in Barnaby's current suit are privies of either Witkowski or Berrien County. And it is not apparent from the record that the other defendants' relationships with either Witkowski or Berrien County fit the rather narrow definition of privity. *See Taylor v. Sturgell*, 553 U.S. 880, 892−93 (2008); *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007).

In *Taylor*, the Supreme Court "rejected a doctrine of 'virtual representation' based on a 'diffuse balancing' of equitable factors." *Ludwig v. Twp. of Van Buren*, 682 F.3d 457, 462 (6th Cir. 2012) (quoting *Taylor*, 553 U.S. at 898). Instead, it listed six categories of exceptions to "the rule against nonparty preclusion": (1) a party that agreed to be bound by the ruling in the prior lawsuit; (2) a party with a pre-existing legal relationship with a party to a prior lawsuit, such as "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor"; (3) a party who was adequately represented in the prior suit, such as a class member in a "properly conducted class action[]" or "trustees, guardians, and other fiduciaries"; (4) a party that "'assume[d] control' over the [prior] litigation"; (5) a party who "brings suit as the designated representative of a person who was a party to the prior adjudication"; and (6) if a "special statutory scheme" expressly prohibits successive lawsuits filed by nonparties to prior litigation. *Taylor*, 553 U.S. at 894−95 (quoting *Montana v. United States*, 440 U.S. 147, 154 (1979)). The district court did not find that any of the defendants who were not parties to the prior lawsuit fall within one of these six categories, nor can we make such a finding from the face of the complaint. Further, res

judicata could not bar Barnaby's claims against defendants who "have no factual connection to the 2010 foreclosure." Because the district court clearly erred in finding that the other defendants were in privity with Witkowski and Berrien County, it erred in holding that Barnaby's claims against those defendants are barred by res judicata.[1]

Barnaby argues that the district court also erred in concluding that his claims against Witkowski and Berrien County are barred by res judicata because his current claims do not arise out of the "verbal contract" that formed the basis of the 2014 lawsuit. In that lawsuit, Barnaby alleged that Witkowski breached an oral agreement to accept a partial payment for his delinquent property taxes and stave off the August 18, 2010, foreclosure of one of his properties. *See Barnaby*, No. 1:14-cv-1279, R. 125-11, PageID 1618, R. 159, PageID 2037. He further alleged that Berrien County engaged in wrongful conduct that allowed the foreclosure to occur. *Id.*, R. 159, PageID 2037. Now, Barnaby alleges that Witkowski and Berrien County forged documents and engaged in other wrongful conduct when litigating that action.

Res judicata bars not only claims that were litigated in a prior action, but also claims that "should have been litigated in the prior action." *Bragg*, 570 F.3d at 776 (quoting *Bittinger*, 123 F.3d at 880). On appeal, however, Barnaby argues that he could not have raised his claims previously because they are based on forged documents that were submitted during prior state and federal proceedings and various false statements that the defendants made during those proceedings. Barnaby made this same argument in his objections to the magistrate judge's report and recommendation. And in his second amended complaint, Barnaby alleged that Witkowski and Berrien County committed forgeries and other unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition. Because it is not clear that Barnaby's claims should, or even

---

[1] Barnaby also filed another federal lawsuit challenging foreclosures in Berrien County, but none of the defendants named in that lawsuit are named as defendants in Barnaby's current lawsuit. The district court did not purport to rely on that prior lawsuit as a basis for its res judicata finding. *See Barnaby v. Mayfield*, No. 1:20-cv-232, R. 1, PageID 1-2, R. 23, PageID 267 (W.D. Mich.).

could, have been litigated in the 2014 proceeding, the district court erred in dismissing Barnaby's claims against Witkowski and Berrien County on res judicata grounds.

## II.   _Denial of Leave to File a Third Amended Complaint (Appellate Argument (1))_

Because Barnaby had already filed two amended complaints, and because the defendants did not consent to the filing of a third amended complaint, Barnaby needed leave of the court to file his third amended complaint. Fed. R. Civ. P. 15(a)(1)-(2). The district court denied leave because it found that filing a third amended complaint would be futile. "We review a denial of leave to amend a complaint for abuse of discretion, but we review de novo the legal conclusion that amendment would be futile because a proposed amended complaint fails to state a claim." _Linden v. City of Southfield_, 75 F.4th 597, 602 (6th Cir. 2023).

The magistrate judge found that allowing Barnaby to amend his second amended complaint would be futile, in part, because Barnaby's "claims related to his foreclosed properties . . . are barred by claim and issue preclusion." But because the res judicata ruling is erroneous, so too in error was the magistrate judge's reliance on that ruling to conclude that amendment would be futile.

As noted previously, however, Barnaby does not challenge the district court's rulings that (1) the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel are immune from suit and (2) Barnaby does not have a private right of action to seek relief under 18 U.S.C. §§ 471 and 1341 and Michigan Compiled Laws §§ 600.916(1) and 750.248. The district court therefore properly denied leave to amend to the extent that Barnaby sought to bring claims against these defendants or raise claims under these criminal statutes.

## III.   _Denial of Motion for Default Judgment (Appellate Argument (4))_

We review default-judgment decisions for an abuse of discretion. _Prime Rate Premium Fin. Corp., Inc. v. Larson_, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot.

No. 23-1134

- 7 -

For the foregoing reasons, we **DENY** Barnaby's motion to assign his appeal to a specific panel of judges, **AFFIRM** the district court's judgment in part, **VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 11/17/2023.

**Case Name:**   Owen Barnaby v. MI, et al
**Case Number:**   23-1134

**Docket Text:**
ORDER filed: DENYING motion for assignment of panel [6987435-2] filed by Owen W.
Barnaby: AFFIRMED in part; VACATED in part; and REMANDED for further proceedings
consistent with this Order. Mandate to issue. pursuant to FRAP 34(a)(2)(C), decision not for
publication. Karen Nelson Moore, Circuit Judge; Jane Branstetter Stranch, Circuit Judge and
John K. Bush, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156

**A copy of this notice will be issued to:**

Ms. Ann E. Filkins
Ms. Emily Jenks
Mr. Theodore Seth Koches
Ms. Kimberly K. Pendrick
Mr. Thomas J. Rheaume Jr.